**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL DENNIS BATEY,

    Petitioner,

                                               CASE NO. 05-CV-73699-DT

v.                                         HONORABLE DENISE PAGE HOOD
                                         UNITED STATES DISTRICT JUDGE

SHERRY L. BURT,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Michael Dennis Batey, ("Petitioner"), presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b. Respondent has filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent contends that the petition should be dismissed because petitioner failed to properly exhaust all of his claims with the state courts. Petitioner has filed a traverse to the answer.

In lieu of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed. The Court will also administratively close the case.

### I. Introduction

Petitioner was convicted of the above offense following a jury trial in the Allegan County

1

Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Batey,* No. 227117 (Mich.Ct.App. August 27, 2002); *vacated in part,* 469 Mich. 900; 668 N.W. 2d 628 (2003)(Kelly, J. would remand for consideration of defendant's allegations of prosecutorial misconduct). On remand, the conviction was again affirmed. *People v. Batey,* No. 227117 (Mich.Ct.App. December 30, 2003); *lv. den.* 471 Mich. 882; 686 N.W. 2d 487 (2004)(Kelly, J., with Cavanagh, J., dissenting).

Petitioner has now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The Petitioner was denied a fundamentally fair trial, where his Sixth and Fourteenth Amendment rights were violated, when a juror decided not to disclose information about her relationship with a prosecution witness, the father figure of the complaint, during *voir dire*.

II. Petitioner's Sixth and Fourteenth Amendment rights were violated, where the trial court denied motions to dismiss due to deliberate destruction of *Brady* material, resulting in manifest injustice.

III. Petitioner was denied fundamental fairness and due process, where the trial court refused *Brady* material to be disclosed to the defense.

IV. Petitioner was denied a fundamentally fair trial and denied equal protection under color of the law through the Sixth and Fourteenth Amendments.

V. Petitioner was denied a fundamentally fair trial, where the court denied admission of *Brady* evidence, which worked to Petitioner's actual and substantial disadvantage, resulting in error of constitutional dimension.

VI. Petitioner's due process rights through the Fourteenth Amendment were violated, which denied a fundamentally fair trial and contributed to a miscarriage of justice, by the questioning and closing argument of the prosecution.

## II. Discussion

Respondent contends that the petitioner's claims have not been fairly presented to the state courts, because petitioner failed to "federalize" most, if not all, of his habeas claims in the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his

available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue that arises under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(citations omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In addition, general appeals to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, are insufficient to establish the exhaustion of federal claims, for purposes of habeas review. *Hiivala v. Wood*, 195 F. 3d 1098, 1106 (9th Cir. 1999)(citing to *Gray*

3

*v. Netherland*, 518 U.S. 152, 162-63 (1996)); *See also McMeans v. Brigano,* 228 F. 3d 674, 681 (6th Cir. 2000)(general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated). Moreover, "[A] fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument", is insufficient to alert a state court to the opportunity to address an alleged violation of the federal constitution. *Wilder v. Cockrell,* 274 F. 3d 255, 260 (5th Cir. 2001).

Petitioner's first claim involving juror misconduct through concealment of information during *voir dire* was not properly "federalized," because petitioner relied almost exclusively on state law and did not refer the state courts to the federal constitution or to federal cases in support of his claim. *See Wyldes v. Hundley,* 69 F.3d 247, 251-52 (8th Cir. 1995); *Gutierrez v. Dretke,* 392 F. Supp. 2d 802, 845-47 (W.D.Tex. 2005). Although petitioner's appellate counsel made a passing reference to the Sixth Amendment right to counsel (*See* Defendant-Appellant's Brief on Appeal, p., 12), this was raised only in the context of the trial court's failure to permit petitioner's counsel to question the juror himself at the post-trial evidentiary hearing which was conducted on the juror concealment claim. [1] Petitioner's isolated reference to the Sixth Amendment in the context of a purely state law argument would be insufficient to fairly present the claim to the state courts as a federal constitutional claim. *See Slaughter v. Parker,* 450 F. 3d 224, 235-36 (6th Cir. 2006); *reh. en banc den.* 467 F.3d 511 (6th Cir. 2006). This is particularly true here, where petitioner did not cite to the Sixth Amendment in support of the juror concealment claim itself, but only with regards to the procedures employed by the state trial court during the post-trial evidentiary hearing on his

---

[1] Petitioner's brief on appeal to the Michigan Court of Appeals is attached as an exhibit to the petition for writ of habeas corpus (Court Dkt. Entry # 4) and is also included in the Rule 5 materials that were provided by respondent. (Court Dkt. Entry # 29).

4

claim.

With respect to petitioner's second claim involving the destruction of evidence, it appears that petitioner did properly "federalize" this claim because he cited to several federal cases, including *Brady v. Maryland,* 373 U.S. 83 (1963); *Giles v. Maryland,* 386 U.S. 66 (1967); *California v. Trombetta,* 467 U.S. 479 (1984); and *Killian v. United States,* 368 U.S. 231 (1961). Because petitioner cited to such federal cases as *Brady* in his second claim, this claim was fairly presented to the state courts for the purposes of the exhaustion requirement. *See e.g. Brown v. Williams,* 820 F. Supp. 64, 68 (W.D.N.Y. 1993).

Petitioner's third claim involving the withholding of the mental health records of the victim and his brother from the defense, however, was not properly "federalized," because it was raised exclusively as a violation of state law. Although petitioner's appellate brief claimed briefly that these records were necessary for the defense, petitioner's counsel did not cite to any federal cases or constitutional provisions. Unless the petitioner alerts the state court that he is raising constitutional violations, assertions that he was denied a fair trial, or the right to present a defense are insufficient for purposes of the exhaustion requirement. *See Casey v. Moore,* 386 F. 3d 896, 913 (9th Cir. 2004).

Petitioner's fourth claim which alleged that the state court improperly curtailed the impeachment of prosecution witnesses appears to have been properly "federalized" with the state courts. First, petitioner mentioned several Michigan court cases which specifically mentioned the Sixth Amendment right to confrontation. Because petitioner cited to state court cases which involved the question of whether application of state evidence rules had violated the Confrontation Clause, petitioner fairly presented this claim to the Michigan appellate courts. *See Kittelson v.*

5

*Dretke,* 426 F. 3d 306, 316-17 (5th Cir. 2005). Secondly, at page 32 of the brief, petitioner specifically mentions the right of a criminal defendant to cross-examine to show bias or to attack the credibility of a prosecution witness as being at the core of the right to confrontation and cites to *United States v. Abel,* 469 U.S. 45 (1984). This Court concludes that this claim was fairly presented to the state courts.

Likewise, contrary to respondent's contention, petitioner's fifth claim was fairly presented to the state courts as a federal constitutional claim, because petitioner argued that the due process clause requires states to permit the accused to present exculpatory evidence. Petitioner cited to *Pennsylvania v. Ritchie,* 480 U.S. 39, 56 (1987) and *Michigan v. Lucas,* 500 U.S. 145, 151 (1991) in support of this claim. Petitioner's fifth claim was properly federalized.

Petitioner's sixth claim alleged numerous instances of prosecutorial misconduct. The portion of the prosecutorial misconduct claim involving the prosecutor's comments about petitioner's exercise of his Fifth Amendment rights was "federalized," because petitioner cited to the Fifth Amendment, as well as to the Supreme Court case of *Doyle v. Ohio,* 426 U.S. 610 (1976). Petitioner's remaining prosecutorial misconduct claims, however, were not fairly presented to the state courts as federal constitutional claims, because petitioner did not cite to any federal cases or constitutional provisions in support of his prosecutorial misconduct claims. *See Blackmon v. Booker,* 394 F. 3d 399, 400-01 (6th Cir. 2004). These remaining prosecutorial misconduct claims are therefore unexhausted.[2]

---

[2] Moreover, to the extent that petitioner might wish to allege that his trial counsel was ineffective for failing to object to these instances of prosecutorial misconduct to excuse any procedural default of the claims and that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel to excuse any default, petitioner would also have to exhaust the ineffective assistance of counsel issue(s) as an independent Sixth Amendment claim with the Michigan courts before this Court could consider it either as an independent claim or as cause to excuse petitioner's potential default. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 805 (E.D. Mich. 2002).

This Court concludes that petitioner's first, third, and sixth claims have not been properly exhausted, because they were not presented as federal constitutional claims with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Allegan County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although a federal court may adjudicate a habeas petition when the grounds for relief are without merit as respondent has suggested, *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), this Court declines to do so in this case, because petitioner's claims may have merit. Petitioner's

---

Because of the substantial liberty interests at stake in this case, this Court feels compelled to raise *sua sponte* the ineffective assistance of counsel claim on behalf of petitioner. *See Saba v. I.N.S.,* 52 F. Supp. 2d 1117, 1124 (N.D. Cal. 1999).

prosecutorial misconduct claims, in particular, are particularly disturbing, as noted by Justice Marilyn J. Kelly in her dissenting opinion. *See Batey,* 471 Mich. 882; 686 N.W. 2d 487, 488 (2004).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

A federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. District courts should place reasonable time limits on a petitioner's return to state court and back. *Id*. The Supreme Court indicated that "[i]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather

8

than dismiss, the mixed petition." *Id.* at 1535. [3]

In the present case, petitioner's unexhausted claims do not appear to be "plainly meritless." Further, appellate counsel's failure to properly "federalize" these claims on petitioner's appeal of right establishes good cause for petitioner's failure to properly exhaust the claims. *See e.g. Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005)(ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims). Finally, there is no indication of intentional delay by petitioner.

In order to avoid petitioner from being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 90 days and will allow petitioner to return to the state court to seek post-conviction relief. This Court will hold the present petition in abeyance, however this tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order. Additionally, petitioner is required to return to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies, if he is unsuccessful in the state courts. *See Hargrove,* 300 F. 3d at 718*; Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

Accordingly, it is **ORDERED** that petitioner may file a post-conviction motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice. Additionally, the abeyance is conditioned upon petitioner **moving to re-open this case within sixty days** of exhausting state remedies for the above-mentioned unexhausted claims, if he is unsuccessful in state court. Failure to abide by these conditions may result in the dismissal of the habeas petition with prejudice.

This Court **ORDERS** the Clerk of the Court to close this case for administrative purposes. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

s/ DENISE PAGE HOOD
**HON. DENISE PAGE HOOD**
**UNITED STATES DISTRICT COURT**

**DATED:** April 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

10