UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DENNIS BATEY,

    Petitioner,

v.

                                     CASE NO. 05-CV-73699-DT
                                     HONORABLE DENISE PAGE HOOD
                                     UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER ON REMAND GRANTING MOTION TO REOPEN HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, ORDER AMENDING CAPTION, ORDER THAT THE SUPPLEMENTAL BRIEF IN SUPPORT OF THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE AN ANSWER**

On June 30, 2010, this Court granted the petition for writ of habeas corpus, finding that petitioner had been deprived of the right to present a closing argument when the state trial court prohibited defense counsel from commenting during closing argument about the sexual activity between the minor victims, that petitioner had been denied a fair trial where the prosecutor committed misconduct by making repeated comments and references to petitioner's homosexual orientation, and that trial counsel had been ineffective for failing to object to the prosecutor's misconduct and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on petitioner's appeal of right. *Batey v. Burt,* No. 2010 WL 2650019 (E.D. Mich. June 30, 2010). Because the

1

Court granted petitioner relief on these claims, the Court declined to address petitioner's remaining claims. *Id.*

The United States Court of Appeals for the Sixth Circuit subsequently reversed this Court's decision to grant petitioner habeas relief and remanded the matter to this Court for consideration of petitioner's remaining claims. *See Batey v. Scutt,* No. 2012 WL 400590 (6th Cir. 2012).

Petitioner has now filed a supplemental brief in support of the petition for writ of habeas corpus, which this Court construes as a motion to reopen the habeas petition and a motion to amend the habeas petition. For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The Court will also **GRANT** the motion to amend the habeas petition. The Court will also amend the caption to reflect the name of petitioner's current warden, Debra Scutt. The Court will further order that the Clerk of the Court serve a copy of the supplemental brief in support of the petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file any responsive pleadings, if she choses to do so, within **sixty (60)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because this case has been remanded by the Sixth Circuit to this Court for consideration of petitioner's remaining claims,

the Court will order that the original habeas petition be reopened on the Court's active docket.

To the extent that petitioner is seeking to amend his petition by filing the supplemental brief in support of the petition for writ of habeas corpus on remand, the Court will allow him to do so. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition on remand, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the caption in this case be amended to reflect that the proper respondent in this case is now Debra Scutt, the warden of Parnall Correctional Facility in Jackson, Michigan, where petitioner is currently

incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will further order that the Clerk of the Court serve a copy of the supplemental brief in support of the petition for writ of habeas corpus [this Court's Dkt. # 56] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

Although respondent filed an answer to the original petition for writ of habeas corpus, the Court will give respondent sixty days from the Court's order to file a response to the supplemental brief in support of the petition for writ of habeas corpus, if she chooses to do so. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

## ORDER

Based on the foregoing, the motion to reopen the habeas petition to the Court's active docket is **GRANTED.**

IT IS FURTHER ORDERED that the motion to amend the petition for writ of habeas corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the

supplemental brief in support of the petition for writ of habeas corpus [Court Dkt. # 56] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file any additional answer within **sixty (60) days** of the date of this order, if she chooses to do so.


        s/Denise Page Hood  
        Denise Page Hood  
        United States District Judge

Dated: May 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 17, 2012, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry  
        Case Manager